IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| James Stephen Strickland,<br>*a.k.a. James S. Strickland,*<br><br>      Plaintiff,<br><br>vs.<br><br>Nurse;<br>Dr. Alewine, Head Doctor Broad River;<br>Dr. Babb, Lieber CI;<br>Padula, Lee Warden CI,<br><br>      Defendants. | ) C/A No.  4:11-2014-JFA-TER<br>)<br>)<br>)<br>)<br>)<br>) ORDER<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

  Plaintiff, a state prisoner in the Kirkland Correctional Institution of the South Carolina Department of Corrections in Columbia, South Carolina, proceeding *pro se*, filed a Complaint pursuant to 42 U.S.C. § 1983, on August 2, 2011, alleging cruel and unusual punishment, retaliation, denial of his access to court, and deliberate indifference to his serious medical needs. *See* ECF No. 1. On October 3, 2011, Plaintiff filed a Motion to Appoint Counsel (ECF No. 12). By Order issued on December 19, 2011, United States Magistrate Judge Thomas E. Rogers, III instructed Plaintiff to submit a properly completed Financial Certificate to accompany his Application to Proceed Without Prepayment of Fees and Affidavit (ECF No. 2), as is required by this Court's standing order, *In Re: Procedures in Civil Actions Filed by Prisoner Pro Se Litigants*, 3:07-mc-5014-JFA (D.S.C. Sept. 18, 2007), and to provide the proposed service documents for Defendants, all of which is necessary to bring this case into proper form for evaluation and possible service of process. *See* ECF No. 15. Magistrate Judge Rogers warned Plaintiff that failure to provide the necessary information

1

within the timetable set forth in the Order may subject the case to dismissal. *Id* at p. 1. The Order was mailed to Plaintiff at the address Plaintiff provided to the Court, which is the correct address for the Kirkland Correctional Institution, *i.e.* 4344 Broad River Road, Columbia, SC 29210.

Plaintiff failed to respond to the Order, and the time for responding lapsed on January 12, 2012. The mail in which the Order was sent to Plaintiff has not been returned to the Court. Thus, the Court presumes that Plaintiff received the Order, but has neglected to comply with it within the time permitted under the Order. Plaintiff's lack of response to the Order indicates an intent to discontinue prosecuting this case and subjects this case to dismissal. As Plaintiff has failed to prosecute this case and failed to comply with a court order, Plaintiff's Motion to Proceed *in forma pauperis* (ECF No. 2) and Motion to Appoint Counsel (ECF No. 12) are moot, and this case is dismissed without prejudice, pursuant to Rule 41 of the Federal Rules of Civil Procedure. *See Link v. Wabash Railroad Company*, 370 U.S. 626 (1962).

IT IS SO ORDERED.

January 20, 2012
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge